# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **WILLIE L. CRUTCHER,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | **Case No.: 5:07-CV-02022-RDP** |
| } | |
| **MICHAEL J. ASTRUE, Commissioner** } | |
| **of Social Security,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

Plaintiff Willie L. Crutcher brings this action pursuant to Sections 205(g) and 1631(c) of the Social Security Act (the "Act") seeking judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB") under Title II of the Act, and his application for Supplemental Security Income ("SSI") benefits under Title XVI of the Act. 42 U.S.C. §§ 405(g), 1383(c). For the reasons set forth below, the court finds the Administrative Law Judge's ("ALJ") opinion is due to be affirmed because it is supported by substantial evidence and the proper legal standards were applied.

**I.     Procedural History**

Plaintiff filed his application for a period of disability, DIB, and SSI benefits on May 4, 1995.[1] (Tr. 200-20). Plaintiff alleged a disability onset date of April 25, 1995. (*Id.*). These applications were denied initially and also upon reconsideration. (Tr. 221-22, 237-38). Plaintiff

---

[1] Plaintiff previously filed applications for DIB and SSI in February 1993. (Tr. 60-81). These applications were denied in May 1993. (Tr. 87-89). Plaintiff requested a hearing before an ALJ, but then requested a dismissal of his claims because he had returned to work. (Tr. 92, 94, 196-98). In May 1995, Plaintiff filed subsequent applications which are ones before this court.

filed a request for a hearing before an ALJ in October 1995. (Tr. 252). On pre-hearing review by the Social Security Screening Unit, it was determined that Plaintiff was disabled as of April 25, 1995, due to degenerative joint disease of the left knee and wrist and lumbosacral strain. (Tr. 282-94). The Screening Unit also determined that Plaintiff retained the residual functional capacity ("RFC") to perform work at the light exertional level. (*Id.*). The Social Security District Office determined, however, that Plaintiff was engaging in substantial gainful activity as a tree cutter earning $5.50 per hour, thereby exceeding $500 per month. (Tr. 295-03). Accordingly, denial notices were issued in December 1995 due to Plaintiff's performance of substantial gainful activity. (*Id.*).

Plaintiff filed another request for a hearing before an ALJ in January 1996. (Tr. 304). Plaintiff's request was granted and a hearing was held on January 13, 1997, in Huntsville, Alabama. (Tr. 39-59). At the time of the hearing, Plaintiff was 63 years old with a fifth grade education. (Tr. 42, 45). Plaintiff testified that he had previously worked doing general labor as a flagger, screening concrete, working a grinding machine at a tractor company, as a janitor, laying and patching pavement, and as a cutter/grinder for a tree company. (Tr. 46-49). Plaintiff further testified that he attends church, sings in the church choir, does some grocery shopping, cooking, and drives short distances. Plaintiff alleges that he suffers from lumbosacral strain, degenerative joint disease of the left knee and wrist. (Tr. 27). According to Plaintiff, due to these problems he became disabled on April 24, 1995, and has been unable to engage in substantial gainful activity since December 1995. (Tr. 50).

In his February 4, 1997 decision, the ALJ determined that Plaintiff was not eligible for a period of disability, DIB, or SSI benefits because he failed to meet the disability requirements of the Act and retained the RFC to perform light work with restrictions. (Tr. 23-36).

On March 11, 1997, Plaintiff requested a review of the ALJ's decision. (Tr. 18). Plaintiff's request was denied on June 15, 1998. (Tr. 16). On June 25, 1998, Plaintiff's counsel requested a reopening of the case and for an extension of time in which to file an appeal in federal court claiming Plaintiff had never received a copy of the hearing tape that was requested on March 11, 1997, along with his request for review of the ALJ's decision. (Tr. 15). The Appeal's Counsel granted Plaintiff's request on August 23, 1998, deferring action on the case for a period of 45 days in order to allow Plaintiff time to file any additional evidence material to the issues considered in the hearing decision dated February 4, 1997. Plaintiff submitted a written response to the Appeal Counsel on September 30, 1998. (Tr. 9-12).

On October 26, 1998, the Appeals Council vacated its prior action of June 15, 1998, denying Plaintiff's request for review of the ALJ's decision issued on February 4, 1997, and concluded that there was no basis under the Regulations for granting a request for review, and accordingly, denied Plaintiff's request for review of the ALJ's decision. (Tr. 7-8). On December 11, 1998, the Appeals Counsel vacated its prior action of October 26, 1998, denying Plaintiff's request for review of the ALJ's decision issued on February 4, 1997, to consider additional contentions received from Plaintiff. (Tr. 5).

Plaintiff then filed a complaint in this court on February 8, 1999. (*See* civil action number 5:99-cv-290-IPJ). On August 4, 1999, the Commissioner moved for a remand of Plaintiff's civil action number 5:99-cv-290-IPJ for the purpose of properly considering the opinions of consultative

examiners and state agency medical advisors, and to properly develop the record regarding Plaintiff's past work as a flagger. (*See* 5:99-cv-290-IPJ, Doc. #8). The court granted the motion on November 5, 1999, thereby reversing the Commissioner's decision under Sentence Four of 42 U.S.C. § 405(g) and remanded Plaintiff's case to the Commissioner for: further consideration of the opinions of the consultative and non-examining physicians; further development of the record concerning the nature and time period of any past relevant work Plaintiff might have performed with appropriate consideration; and any other proceedings the Commissioner deemed appropriate.[2] (*See* 5:99-cv-290-IPJ, Doc. #9; Tr. 389-90). Additional evidence was obtained and entered into Plaintiff's record. (Tr. 393-417, 421-44). A hearing was held on March 24, 2000 in Huntsville, Alabama before ALJ Robert L. Hodges. (Tr. 418, 445-56).

On June 13, 2000, the ALJ entered a final decision, finding Plaintiff was not entitled to a period of disability, DIB, and not eligible for SSI payments under Sections 216(i), 223, 1602, and 1614(a)(3)(A) respectively, of the Act. (Tr. 363-75). The ALJ determined that after the date of Plaintiff's alleged onset of disability, records show he worked 72 hours as a tree cutter in November and December 1995 earning $5.50 an hour, which would exceed $500 per month. Plaintiff also worked in November 1995 for a staffing service reportedly moving office furniture for 114 hours, earning gross pay of $602 for that period. The ALJ found that Plaintiff's work activity in November and December 1995 constituted substantial gainful activity and was not an unsuccessful work attempt. And although this work activity lasted only two months, it was at the substantial gainful

---

[2]As the Act provides, the court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing. 42 U.S.C.A. § 405(g) (2006).

activity level and ended not due to some pre-existing impairment, but because of a new medical impairment. (Tr. 369).

On July 11, 2000, Plaintiff requested a review of the new decision stating that the ALJ's decision could not be based on substantial evidence. (Tr. 357-62). Plaintiff's request was denied on September 5, 2007.[3] (Tr. 354-56). Plaintiff then timely filed a complaint in this court which is now ripe for decision. (*See* Pl's Comp.).

## II.    Statement of Facts

Between 1989 and 1993, Plaintiff was treated by an internal medicine specialist, Dr. William Hicks, for prostate hypertrophy, urinary tract infection, gastrointestinal bleeding, and intermittent lumbosacral pain. (Tr. 28). Plaintiff's medical records reveal that Plaintiff had been treated twice in the emergency room for a right wrist injury in June 1990. (*Id.*). Plaintiff underwent a colonoscopy and polypectomy in October 1990. (*Id.*).

Dr. John Lary performed a consultative exam on Plaintiff on April 15, 1993 in which he noted that Plaintiff had chronic low back pain, probably secondary to lumbar disc injury, and some stiffness of the right wrist. (Tr. 156). He found Plaintiff had normal mobility in his neck, back, arms, legs, and feet; was able to walk normally, heel/toe walk, assume and arise from a squat position, and balance without assistance; and he had good muscle strength in all muscle groups. (Tr. 192-93). Dr. Lary concluded Plaintiff's ability to stand for long periods and to walk for long distances and to lift and carry was probably impaired due to the old back injury and pain.

---

[3] That date is not a typographical error. Over seven years passed before Plaintiff's request for review was ruled upon.

In April 1994, Dr. Hicks referred Plaintiff to Dr. Ruth Yates, a dermatologist and internal medicine specialist, for evaluation of a lesion on Plaintiff's neck. (Tr. 352). Plaintiff had complained of falling down, but without loss of consciousness, which he thought may be related to the lesion. (*Id.*). Dr. Yates disagreed and recommended Plaintiff see a plastic surgeon if he desired to have the lesion removed. (*Id.*).

Dr. Joseph Clark performed a consultative exam on Plaintiff on May 25, 1995. (Tr. 318-19). Dr. Clark found that Plaintiff should have some limitations due to his elevated age, degenerative arthritis and some post-traumatic arthritis of his wrist. (Tr. 319). Dr. Clark also stated that there should be some type of sedentary work available for Plaintiff. (*Id.*). A consultative x-ray exam was taken of Plaintiff's left knee on June 26, 1995, which found mild degenerative changes and no acute disease. (Tr. 320).

A consultative audiological assessment performed in September 1995 revealed a mild, bilateral, high frequency sensorineural hearing loss and slight difficulty in understanding conversational speech in a quiet environment. (Tr. 321).

In October 1995, a state agency physician evaluated the evidence associated with Plaintiff's claim and completed an RFC assessment. (Tr. 282-91). The physician did not examine Plaintiff. Based on the evidence available at that time, the physician concluded Plaintiff had the ability to lift ten pounds frequently and twenty pounds occasionally, to stand and/or walk at least two hours in an eight hour day, and to sit about six hours in an eight hour day, but he could not push/pull repetitively with his lower extremities. (Tr. 285).

Plaintiff was involved in an automobile accident on December 31, 1995 injuring his back and hand. (Tr. 53-57, 344). Plaintiff suffered a comminuted fracture of the proximal phalanx of the

6

middle finger with fracture lines extending into the articular surface proximally. (Tr. 351). Plaintiff was employed as a cutter/grinder from November to December 1995. (Tr. 368). Plaintiff cited the injuries he received in this accident as a reason for leaving his employment as a cutter/grinder with Asplundh Tree Company. (Tr. 342). Plaintiff asserts that this work activity was an unsuccessful work attempt. (Pl.'s Mem. 7).

Plaintiff saw Dr. Hicks again on December 3, 1996 for complaints of pain and swelling in both knees. (Tr. 344). An exam of his right knee revealed degenerative changes with spurring involving multiple bones about the knee, but no acute findings. (Tr. 30).

### III.    ALJ Decision

Determination of disability under the Act requires a five step analysis. *See* 20 C.F.R. § 404.1 *et. seq.* First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Third, the Commissioner determines whether the claimant's impairment meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations. Fourth, the Commissioner determines whether the claimant's RFC can meet the physical and mental demands of past work. The claimant's RFC is what the claimant can do despite his impairment. Finally, the Commissioner determines whether the claimant's age, education, and past work experience prevent the performance of any other work. In making this final determination, the Commissioner will use the Medical-Vocational Guidelines in Appendix 2 of Part 404 of the Regulations when all of the claimant's vocational factors and RFC are the same as the criteria listed in the Appendix. If the Commissioner finds that the claimant is disabled or not disabled at any step in this procedure, the Commissioner will not review the claim any further.

The court recognizes that "the ultimate burden of proving disability is on the claimant" and that the "claimant must establish a *prima facie* case by demonstrating that he can no longer perform his former employment." *Freeman v. Schweiker*, 681 F.2d 727, 729 (11th Cir. 1982) (other citations omitted). Once a claimant shows that he can no longer perform his past employment, "the burden then shifts to the [Commissioner] to establish that the claimant can perform other substantial gainful employment." *Id.*

The ALJ found that Plaintiff has not engaged in substantial gainful activity since December 31, 1995. (Tr. 374). Plaintiff met the nondisability requirements for a period of disability and DIB set forth in Section 216(i) of the Act and was insured for benefits through September 1999, but not thereafter. (Tr. 374). Based upon the medical evidence presented, the ALJ concluded that Plaintiff has residuals of right and left middle finger/ulnar/radial fractures, arthritis of the knees and hips, lipoma on the neck/occipital area, eczema, erectile dysfunction, benign prostatic hypertrophy, and mild bilateral hearing loss, which are "severe" impairments as defined by the Act. (Tr. 371). Nonetheless, the ALJ determined that Plaintiff's impairments neither meet nor equal the requirements for any impairment in the Listing of Impairments, Appendix 1, Subpart P, Regulations No. 4. (Tr. 374).

According to the ALJ, Plaintiff's subjective complaints concerning his impairments and their impact on his ability to work are not fully credible due to the degree of inconsistency with the medical evidence established in the record and Plaintiff's own statements. (Tr. 374). After consideration of all the medical evidence, including Plaintiff's subjective complaints, the ALJ found that Plaintiff retains the RFC to perform the exertional demands of light work with the following limitation: he is unable to repetitively push or pull with the lower extremities. (Tr. 375). The ALJ

concluded that Plaintiff's medical condition is not of such severity that it can reasonably be expected to give rise to pain greater than mild or moderate. (Tr. 375). The ALJ cited the testimony of the Vocational Expert ("VE") and 20 C.F.R. §§ 404.1565 and 416.965 in determining that Plaintiff could return to his past relevant work as a flagger. (Tr. 374). Thus, the ALJ ruled that Plaintiff is not disabled as that term is defined in the Act and Plaintiff, therefore, is not entitled to a period of benefits. (Tr. 375).

### IV.    Plaintiff's Argument for Remand or Reversal

Plaintiff seeks to have the ALJ's decision, which became the final decision of the Commissioner following the denial of review by the Appeals Council, reversed, or in the alternative, remanded for further consideration. (*See* Pl.'s Mem. 10). In particular, Plaintiff argues that the ALJ's decision is not supported by substantial evidence and improper legal standards were applied because the ALJ failed to state a valid reason for discrediting the opinions of three of the Social Security Administration's own physicians. (*See* Pl.'s Mem. 6-9).

### V.    Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405 (g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision

is reasonable and supported by substantial evidence. *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239)(other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701. For the reasons set forth below, the court concludes that the ALJ's decision denying Plaintiff benefits is due to be affirmed.

**VI. Discussion**

    **A. The ALJ Appropriately Weighed the Opinions Provided by the Social Security Administration's Consultative Physicians and the State Agency Medical Advisor.**

Plaintiff argues that the ALJ failed to state a valid reason for discrediting the opinions of three of the Social Security Administration's consultative physicians: Drs. Clark, Classen, and Lary. (*See* Pl.'s Mem. 6-9). For the reasons stated below, this court finds that the ALJ properly weighed the medical opinions of these three professionals and clearly stated his reasons for ruling as he did.

Dr. Lary examined Plaintiff on April 15, 1993 and found that Plaintiff's "ability to stand for long periods and to walk for long distances and to lift and carry is probably impaired by old back injury and pain." (Tr. 193). Plaintiff argues that this finding by Dr. Lary should amount to a finding for sedentary level of work restriction. (Pl.'s Mem. 7). The ALJ cited Plaintiff's 1997 testimony that

he could lift 25 pounds, and found that this physical capacity was consistent with the ability to perform light work activity. (Tr. 373). The ALJ further stated that he assigned little weight to Dr. Lary's "vague statement that the [Plaintiff] had some unspecified impairment of his ability to stand, walk or lift." (*Id.*). This court finds that the ALJ properly articulated his reasons for discrediting Dr. Lary's opinion.

Dr. Clark examined Plaintiff in May 1995 and found that Plaintiff had "some limitations to physical activity due to his elevated age and degenerative arthritis" and that there should be some type of sedentary work that Plaintiff could perform. (Tr. 319). Plaintiff argues this statement is equivalent to a finding that Plaintiff is capable of only sedentary work. (Pl.'s Mem. 6). Plaintiff worked in late 1995 for Asplundh Tree Company as a tree cutter/grinder, and testified that this job required him to lift forty to fifty pounds. (Tr. 49). The ALJ noted that Plaintiff left his employment with Asplundh only after injuring his hand in the December 1995 automobile accident. (Tr. 373). The ALJ found that Plaintiff was able to perform medium exertional work despite his pre-existing wrist, knee, and hip impairments. (*Id.*). Accordingly, the ALJ gave little weight to Dr. Clark's opinion that Plaintiff should be restricted to sedentary work. (*Id.*). Again, this court finds that the ALJ properly articulated his reasons for discrediting Dr. Clark's opinion.

Dr. Classen stated that Plaintiff could stand and/or walk at least two hours out of an eight hour day. (Tr. 285). Plaintiff argues that this statement is evidence of a finding of "a limitation of at least a sedentary level of work." (Pl.'s Mem. 7). The ALJ found this limitation inconsistent with Plaintiff's own testimony that he engaged in daily activities which the ALJ determined to be compatible with light work. (Tr. 373). Plaintiff argues that everyday activities do not preclude a finding of disability. (Pl.'s Mem. 9). To consider this argument, the court would be required to go

beyond its standard of review of determining whether the ALJ's decision is based on substantive evidence and make its own independent finding regarding the record evidence. This court finds that the ALJ properly articulated his reasons for discrediting Dr. Classen's opinion and thus rejects Plaintiff's argument that the ALJ did not articulate reasons for discounting the opinions of consultative physicians and the state medical advisor.

### VII.  Conclusion

The court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and proper legal standards were applied in reaching this determination. The Commissioner's final decision is, therefore, due to be affirmed and a separate order in accordance with the memorandum opinion will be entered.

**DONE** and **ORDERED** this     23rd     day of March, 2009.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE